IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. CR-15-245-01-C |
| | ) | CIV-17-834-C |
| DAVID CHARLES BALDWIN, II, | ) | |
| | ) | |
| Defendant | ) | |

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. In his Motion, Defendant raises a number of claims asserting each entitle him to relief. Those claims can be grouped as follows: First, three arguments that his counsel was ineffective; second, a number of arguments challenging the manner in which his sentence was calculated. For the reasons set forth below, the only issues properly before the Court are the ineffective assistance of counsel arguments.

Defendant's ineffective assistance of counsel claim raises three points. First, that his attorney represented he would talk to the Assistant United States Attorney and reach an agreement that the two-point gun enhancement would be dropped. Second, his counsel informed him that if he did not want to take the plea deal offered, that he could plead guilty on all counts and have a hearing with the judge only. Third, that counsel would argue the enhancements on the presentence investigation report, both with the probation officer and if necessary at sentencing, but that counsel did not make these arguments.

To prevail on an ineffective assistance of counsel claim, Defendant must demonstrate that his defense counsel performed deficiently and that the performance prejudiced the petitioner. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Turning first to Defendant's argument raising the alleged agreement to drop the gun enhancement, Plaintiff has provided an affidavit from Defendant's counsel asserting that no such agreement was in place. Even absent the affidavit, the Court would find against Defendant. In filling out his Petition to Enter Plea of Guilty, Defendant specifically noted that document contained all agreements between the parties. See Dkt. No. 55. Nothing in that document referenced any agreement to drop the gun enhancement. In short, Defendant cannot show that counsel's performance was deficient on this issue; his claim for ineffective assistance of counsel related to the alleged agreement to drop the gun enhancement is denied.

The second claim argues that counsel informed him if he did not take the plea deal he could plead guilty to all counts and have a hearing with the judge only; the affidavit provided by counsel states this agreement was essentially true. According to the affidavit, counsel discussed the terms of the plea agreement offered by Plaintiff with his client and Defendant objected only to the terms of the forfeiture agreement. Counsel avers that he then explained they could forego the plea agreement, simply plead guilty to the counts, and challenge the forfeiture with the judge. The docket reflects that was the course of action taken. Defendant rejected the plea agreement offered by Plaintiff and instead entered into

a guilty plea to all counts. Counsel avers that there was no challenge to the forfeiture amount because after reviewing the evidence provided by Plaintiff, Defendant's counsel was convinced that the potential amount of forfeiture was substantially larger than that being sought by the government. According to counsel's affidavit, Defendant agreed with this course of action.

Even if the Court were to discredit the affidavit of Defendant's counsel, Defendant has failed to offer any evidence or argument demonstrating that a different course of action on the forfeiture amount would have changed his decision to plead guilty. In order to establish that Defendant's trial counsel was ineffective on this issue, he must also demonstrate that "'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (citation omitted).

Defendant has offered no evidence or argument on this issue. Indeed, in examining the facts and circumstances surrounding this matter, the Court is persuaded that even had Defendant's counsel taken a different path on the forfeiture matter, it would not have impacted either Defendant's decision to go to trial or the ultimate outcome of the forfeiture proceedings. Accordingly, Defendant has failed to demonstrate his counsel was ineffective on this issue.

Finally, Defendant's third argument raises counsel's promise that he would argue enhancements on the PSI with the probation officer and, when needed, at sentencing.

Defendant offers no elaboration within his brief of any fact or argument on this issue. In the affidavit, Defendant's trial counsel notes that Defendant's assertion is essentially true and that counsel did indeed file objections to certain portions of the presentence investigation report. Counsel notes that on those matters to which he did not object, it was because based on counsel's well-reasoned opinion, no viable objection could be made. In examining those matters, the Court agrees that counsel objected where appropriate and on the other matters, no valid objection could be raised. "It's well settled that if an argument is meritless, defense counsel is not ineffective for failing to make it." Eitel v. United States, Nos. 13-GV-03-ABJ, 11-CR-06-ABJ, 2013 WL 4525321, *3 (10th Cir. Aug. 27, 2013). Defendant's arguments that his counsel was ineffective are without merit and his request for relief on those claims will be denied.

The Court cannot consider Defendant's remaining arguments. The arguments challenging the manner in which his sentence was determined must necessarily have been originally brought in a direct appeal and not in a collateral attack. "'[Section] 2255 is not available to test the legality of matters which should have been raised on appeal.'" United States v. Walling, 982 F.2d 447, 448 (10th Cir. 1992) (quoting United States v. Khan, 835 F.2d 749, 753 (10th Cir. 1987)). Defendant did not file a direct appeal challenging these issues, and Plaintiff has raised the procedural bar. Thus, absent a demonstration of cause and prejudice or a miscarriage of justice, Defendant is barred from raising them now. See United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994):

4

> When a defendant fails to challenge his sentence on direct appeal but subsequently attempts to do so under § 2255, the courts may take one of several courses of action. First, if the government raises procedural bar, the courts must enforce it and hold the defendant's claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown.

Defendant has offered no argument or evidence on the cause/prejudice or miscarriage of justice issue. Therefore, the Court finds his challenges to the manner in which his sentence was determined to be procedurally barred.

Because a decision can be made on basis of the record before the Court, no hearing is necessary on Defendant's arguments regarding ineffective assistance of counsel. See United States v. Mota, Nos. 11-40047-09-JAR, 13-4130-JAR, 2014 WL 2772924, *2 (10th Cir. June 19, 2014).

For the reasons set forth herein, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Dkt. Nos. 129, 1) is denied. A separate judgment will issue.

IT IS SO ORDERED this 28th day of September, 2017.

_____
ROBIN J. CAUTHRON
United States District Judge